AMERICAN HOME ASSURANCE COMPANY, Plaintiff-Appellant, Cross-Appellee,

v.

William S. EVANS; Katherine D. Evans, and NBD Ann Arbor, National Assoc. as Independent Personal Representative of the Estate of Dr. Charles Merle Dixon, deceased, Defendants-Appellees, Cross-Appellants.

Nos. 84–1671, 84–1700.

United States Court of Appeals, Sixth Circuit.

Argued April 14, 1986.
Decided May 27, 1986.

John P. Jacobs (argued), Stanley A. Prokop, Plunkett, Cooney, Rutt, Watters, Stanczyk, & Pedersen, P.C., Detroit, Mich., for plaintiff-appellant, cross-appellee.

Robert J. Harris (argued), Charles W. Borgsdorf, Hooper, Hathway, Price, Beuche and Wallace, Ann Arbor, Mich., for defendants-appellees, cross-appellants.

Before LIVELY, Chief Judge, MERRITT and JONES, Circuit Judges.

MERRITT, Circuit Judge.

This declaratory judgment action, seeking a jury trial on disputed factual issues as well as a determination of legal issues, arises from a prior state court action against a lawyer, William S. Evans, alleging malpractice and dishonest conduct of a client's affairs. Because we find that declaratory judgment was improvidently granted, we dismiss.

Shortly before the state malpractice trial was to begin, Evans' insurer, American Home Assurance, filed the instant declaratory judgment action, seeking a declaration that Evans' conduct, the same conduct under litigation in state court, fell within the policy's "dishonesty" exclusion to coverage.

The complaint in the state action was filed on July 1, 1981. At that time American Home took the position, based on the allegations in the complaint, that there was no coverage and hence refused to defend. In February of 1982, however, the complaint was amended to include allegations of negligence. American Home then notified Evans' personal counsel that it had hired a firm to conduct the defense, subject to a reservation of American Home's right to withdraw at a later date should it determine that there was no coverage. After receiving this information Evans' personal counsel obtained an eight-month adjournment of the trial date until November 8, 1982. The counsel provided by American Home then took over Evans' state court defense.

In October of 1982, shortly before the state court trial was to commence, American Home filed this declaratory judgment action in federal court rather than the state court and petitioned the state court to have the malpractice action stayed pending a determination of the coverage issue. That motion was denied and the state court action commenced, producing a judgment for the plaintiff in the amount of $698,981.00 plus interest.

After the state court judgment was entered this case came before the District Court on motions for partial summary judgment as to American Home's right to invoke the dishonesty exclusion and pecuniary limits of the policy, and as to the calculation of interest, costs, etc. Judge Joiner granted some of these motions and denied others, 589 F.Supp. 1276, declaring American Home to be liable in part for indemnity and declaring damages to be $300,000 plus applicable interest and costs, for a total of $423,164. Because we believe this case to be an inappropriate one for declaratory judgment[1] we reverse and dismiss the case.

---

1. Although there is some ambiguous language in Judge Joiner's opinion which might be read as an entry of a money judgment susceptible to levy, such a reading would make no sense in light of the case as a whole. Furthermore, the parties have consistently treated this as a pure

In *Grand Trunk Western Railroad v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir.1984), this court discussed the purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,[2] and the standard of review applicable to a District Court's decision to render a declaratory judgment. In that opinion, we held that entertainment of a declaratory judgment action is discretionary with the trial court, but that that discretion is reviewable on a *de novo* basis by the Court of Appeals, so that "if we disagree with the District Court's reasons for rendering a declaratory judgment ... we should decline to advise the parties as to the law and refuse to decide the issues presented." 746 F.2d at 325–26. In deciding whether a case is appropriate for declaratory judgment, the principal criteria are (1) whether the judgment would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. 746 F.2d at 326.

In *Grand Trunk* the defendant in an Illinois state court action filed a declaratory judgment action seeking a declaration against a codefendant that the codefendant must defend and indemnify Grand Trunk under an indemnification agreement. Although the District Court gave a ruling on the issue, we reviewed *de novo* the question of suitability for declaratory relief. We declined and dismissed because we saw the case as an effort to play off the state and federal courts against each other and as a race for *res judicata*. The same is

true in this case. This case is even more suitable for declining jurisdiction than *Grand Trunk*. Here complicated factual issues are raised on which the parties seek a jury trial, as well as a legal issue regarding the construction of the indemnification contract and an issue regarding Michigan law governing conflict of interest by insurance lawyers representing insureds under a reservation of rights.

This case is governed by our reasoning in *Grand Trunk*. Because of the multiple complex disputed factual issues in the case (for example, the questions of whether an actual conflict of interest existed as to the counsel hired for Evans by American Home and whether the jury verdict in the lengthy state trial was based on intentional wrongdoing rather than negligence), we think it unlikely that declaratory judgment would serve a useful purpose in clarifying the legal issues involved. And because the ordinary procedure for determining such questions is an action in indemnity for recovery of the policy proceeds,[3] it appears likely that this action is, if not "procedural fencing," certainly part of a race for *res judicata*. The availability of a traditional indemnity action as a more appropriate means of enforcement also argues against the grant of declaratory judgment in this case. Moreover, the only basis of jurisdiction here is diversity jurisdiction. We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

---

declaratory judgment action at all stages in their briefs, at oral argument, and below. We accept that characterization.

**2.** The Act provides that except in certain cases a federal court "may declare the rights and other legal relations of any interested party." *Id.*

**3.** An action of this sort would apparently still be necessary even after a grant of declaratory judgment if the insurance company refuses to indemnify its insured or his assignee.

**64**

The Declaratory Judgment Act allows the federal courts, in the exercise of sound discretion, to depart from their usual practice of refusing to issue advisory opinions. Where complex factual issues are present and the action parallels a state court action arising from the same facts and where alternative remedies are available, declaratory judgment is inappropriate. *See Grand Trunk, supra,* 746 F.2d at 326; *City of Highland Park v. Train,* 519 F.2d 681 (7th Cir.1975); *Sears, Roebuck & Co. v. American Mut. Liab. Ins. Co.,* 372 F.2d 435 (7th Cir.1967); *Travelers Ins. Co. v. Davis,* 490 F.2d 536 (3d Cir.1974). *See also Green v. Mansour,* —— U.S. ——, 106 S.Ct. 423, 428; 88 L.Ed.2d 371 (1985) (Declaratory Judgment Act confers discretion on courts, not right on litigants so that "[t]he propriety of issuing a declaratory judgment may depend on equitable considerations . . . and is also 'informed by the teachings and experience concerning the functions and extent of federal judicial power'."). Accordingly, the District Court's order granting declaratory relief is vacated and the case remanded with instructions to dismiss the complaint for declaratory judgment.