TITEFLEX CORPORATION, a Massachusetts corporation, and Bundy Corporation, a Michigan corporation, Plaintiffs,

v.

INSURANCE COMPANY OF NORTH AMERICA, a domestic insurer, and International Insurance Company, a foreign insurer, Defendants.

Civ. A. No. 86–73595.

United States District Court, E.D. Michigan, S.D.

Dec. 10, 1986.

James T. Mellon, Troy, Mich., for plaintiffs.

Peter Lyons, Troy, Mich., for INA.

Paul L. Kaliszewski, Farmington Hills, Mich., for Interntl. Ins. Co.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Before me is defendants' petition for removal and plaintiffs' objections. I have subject matter jurisdiction (28 U.S.C. § 1332).

Plaintiffs are insured by defendants. Plaintiffs were sued in state court by an employee; he claimed wrongful discharge. They defended themselves against this charge but then settled the case before trial. They maintain that defendants were required to defend them in the underlying suit and that defendants are now required, by the terms of the insurance contracts, to indemnify them for the costs of defending and settling the case.

Plaintiffs argue that defendants' petition for removal is analogous to a declaratory judgment action under 28 U.S.C. § 2201. They cite several recent cases wherein the U.S. Court of Appeals for the Sixth Circuit held that certain declaratory judgments were improvidently granted. *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460 (1986), *American Home Assurance Co. v. Evans*, 791 F.2d 61 (1986), *Grand Trunk Western v. Consolidated Rail Co.*, 746 F.2d 323 (1984).

Each of these cases can be distinguished from the case before me. In the cited cases the declaratory judgments were filed in federal courts while the underlying cases were pending in state courts. What clearly concerned the Court of Appeals was the premature adjudication of the indemnification issue. *Manley, Bennett, supra,* at 463. ("[D]eclaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.") The court in *American Home Assurance* spe-

cifically distinguished between a declaratory judgment action and one for indemnification. It held that the "availability of a traditional indemnity action as a more appropriate means of enforcement also argue[d] against the grant of declaratory judgment ..." *Id.* at 63.

In my case, the initial suit has been settled. Plaintiffs now seek indemnification. The cases cited by plaintiffs are inapplicable.

Therefore, this case is properly removed to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Accordingly, defendants' petition for removal is GRANTED. It is so ordered.