817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Allan WRIGHT, Plaintiff-Appellant,
v.
Judge Olga S. PEERS, Defendant-Appellee.
 No. 86-5880.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1987.
 
 Before MERRITT, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit, and upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed.
 
 
 2
 Plaintiff, an inmate of the Missouri State Penitentiary, Jefferson City, Missouri, pursuant to convictions in the Kentucky state courts, filed this civil rights action for declaratory relief pursuant to 42 U.S.C. Sec. 1983. In his complaint, plaintiff alleged various constitutional violations connected with errors at his trial and errors in the handling of his post-conviction relief and requested a declaration of his legal rights. The matter was referred to a magistrate who recommended dismissal on the grounds of judicial immunity, but who also gave plaintiff an opportunity to amend his complaint and required the defendant to be served and to respond to the complaint. Plaintiff did not amend his complaint although he did file objections to the magistrate's report, and the defendant moved to dismiss. The district court adopted the magistrate's findings of fact and conclusions of law and dismissed plaintiff's complaint.
 
 
 3
 Although the district court erroneously dismissed plaintiff's complaint on the grounds of judicial immunity, see Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984), we still affirm the district court's dismissal on other grounds. See County of Oakland v. City of Berkley, 742 F.2d 289, 298 (6th Cir. 1984).
 
 
 4
 To the extent plaintiff is alleging violations which pertain to the validity of his conviction, sentence and post-conviction relief and for which he seeks relief, these claims are more appropriately brought in the context of a habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985).
 
 
 5
 To the extent, however, plaintiff is seeking purely declaratory relief which it appears he is from his statement in the complaint that "... [he] is only requesting that this court declare what legal rights of his have been violated in regards to said convictions, and declare what rights he has to enforce 'post-conviction relief' with respect to said conviction," this Court and the district court have discretion in regards to granting such relief. Manley, Bennett, McDonald v. St. Paul Fire-Marine Insurance Co., 791 F.2d 460, 462 (6th Cir. 1986); American Home Assurance Co. v. Evans, 791 F.2d 61, 64 (6th Cir. 1986); Grand Trunk Western Railroad v. Consolidated Rail Corp., 746 F.2d 323 (6th Cir. 1984).
 
 
 6
 Therefore, we affirm because a declaratory judgment is appropriate in this case. Rule 9(b), Rules of the Sixth Circuit.