**D.T. CAREY, As Lead Underwriter for Underwriters at Lloyd's of London, Plaintiff,**

**v.**

**EAST DETROIT JAYCEES, INC., a Michigan corporation and the City of East Detroit, a municipal corporation, Defendants.**

**No. 87–CV–70449–DT.**

United States District Court,
E.D. Michigan, S.D.

June 2, 1987.

---

Paul D. Galea, Detroit, Mich., for plaintiff.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is presently before the Court on whether the Court should dismiss this action based on improper jurisdiction. On March 9, 1987, this Court issued a Show Cause Order requesting the Plaintiff to inform the Court why it should not dismiss this action based on *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance Co.*, 791 F.2d 460 (6th Cir.1986) and *American Home Assurance Co. v. Evans*, 791 F.2d 61 (6th Cir.1986). Plaintiff was to respond by March 20, 1987. Plaintiff has timely responded.

This case arises out of a 1985 automobile-pedestrian accident. The Defendants East Detroit Jaycees, Inc. and the City of East Detroit herein are also the defendants in a state court action where it is alleged they failed to provide adequate parking, pedestrian safety and traffic control. The instant action was commenced by the Plaintiff, an insurance company, seeking a judicial declaration of non-liability and no duty to defend, pursuant to 28 U.S.C. § 2201

and F.R.Civ.P. 57, on insurance policies issued to Defendants. Plaintiff contends that the damage provision of its insurance contract with the Defendants does not cover the type of damages that Plaintiff's in the underlying action suffered.

In *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir.1984), the Sixth Circuit Court of Appeals addressed this issue:

In deciding whether a case is suitable for declaratory judgment, the court will look at such factors as (1) whether the judgment would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Manley, Bennett*, 791 F.2d at 462. In *Grand Trunk*, the circuit court ordered the district court to dismiss the declaratory judgment action based on indemnity issues since the underlying action was still pending in state court.

This action is directly controlled by the *Grand Trunk* and *Evans* decisions. There is little need for "federal courts to issue declaratory judgments in cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit." *Evans*, 791 F.2d at 63. There is also no need "for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *Id.*

In this action, the matter is still pending in state court. The issue of whether or not the Defendants were insured is solely a question of state contract law, thus, it appears that the instant case involves mere procedural fencing and is more appropriately resolved in state court. *Evans*, 791 F.2d

at 63. Finally, "because the ordinary procedure for determining such questions is an action in indemnity for recovery of policy proceeds, it appears likely that this action is ... certainly part of a race for *res judicata*. The availability of a traditional indemnity action as a more appropriate means of enforcement also argues against a grant of declaratory judgment in this case." *Id.* (Footnote omitted.)

Accordingly, this being an inappropriate case for declaratory relief, Plaintiff's Complaint is hereby DISMISSED without prejudice.

IT IS SO ORDERED.