849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLSTATE INSURANCE COMPANY, an Illinois corporation,
Plaintiff-Appellant,
v.
Roger Eugene GREEN, Kevin Dion Green, Frank Prince
Middlebrooks, Jr., Frank Middlebrooks, Irene
Middlebrooks, Sheldon Murray, Herbert
Murray and Wilma Murray,
Defendants-Appellees.
 No. 87-2086.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1988.
 
 Before NATHANIEL R. JONES, MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Allstate Insurance Company ("Allstate") appeals the judgment of the district court entered upon remand by this court dismissing without prejudice Allstate's request for declaratory relief as inappropriate for the exercise of federal jurisdiction. For the reasons that follow, we affirm the judgment of the district court.
 
 I.
 
 2
 On October 25, 1985, Allstate filed the present declaratory judgment action in the district court pursuant to 28 U.S.C. Sec. 2201.[1] The complaint alleged subject matter jurisdiction existed pursuant to 28 U.S.C. Sec. 1332 (diversity of citizenship) and sought a declaration that Allstate's homeowners' insurance policy issued to defendants-appellees Frank and Irene Middlebrooks as the named insureds and also insuring their seventeen-year-old son, Frank, Jr., provided no coverage for the insureds in an action pending against them in Wayne County Circuit Court, Wayne County, Michigan. Allstate maintained that under an exclusion in the policy for intentional acts, the policy did not cover the harm caused defendant-appellee Kevin Green (plaintiff in the state tort action) as the result of a shooting in which Frank Middlebrooks, Jr., participated.
 
 
 3
 On June 17, 1986, Allstate moved for summary judgment pursuant to Fed.R.Civ.P. 56, and defendants responded on July 7, 1986. On July 16, 1986, however, the district court sua sponte entered a dismissal of Allstate's action. The court held that pursuant to the decisions of this court in American Home Assurance Co. v. Evans, 791 F.2d 61 (6th Cir.1986), and Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460 (6th Cir.1986), federal declaratory relief should be withheld where "there is a parallel action arising from the same facts pending in state court...." J.A. at 68.
 
 
 4
 We, however, reversed the judgment of the district court, see Allstate Ins. Co. v. Green, 825 F.2d 1061 (6th Cir.1987), holding that the court erred in reading American Home and Manley, Bennett as "preclud[ing] totally the availability of Sec. 2201 actions involving insurance coverage questions," because of "the mere existence of a state court proceeding...." Green, 825 F.2d at 1066, 1067. Rather, we held "a District Judge has discretion in allowing [section 2201's] employment," and this discretion must be invoked "after full inquiry into all relevant considerations." Id. at 1066, 1065. Because we viewed the district court as having "failed to exercise any discretion" in applying American Home and Manley, Bennett as a "per se rule," we remanded the action "to permit [the] court to assess the propriety of the action pursuant to the general considerations, as well as the five-factor test, we set forth in Grand Trunk [Western R.R. v. Consolidated Rail Corp., 746 F.2d 323 (6th Cir.1984) ]." Green, 825 F.2d at 1065, 1067.
 
 II.
 
 5
 In Grand Trunk, we reversed a district court's exercise of declaratory judgment jurisdiction over an indemnification claim previously ruled on by a state court. Plaintiff Grand Trunk alleged in its section 2201 action that defendant Conrail was liable under an interchange agreement to defend and indemnify Grand Trunk in a tort action proceeding against both Grand Trunk and Conrail in state court. Earlier, however, Grand Trunk had presented the same indemnification claim in state court by way of a counterclaim which was dismissed by the state trial judge.
 
 
 6
 In Grand Trunk we found that there were two general principles to consider in determining whether a declaratory ruling is appropriate:
 
 
 7
 The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.
 
 
 8
 Id. at 326 (quoting E. Borchard, Declaratory Judgments 299 (2d ed. 1941)). Moreover, we stated that five factors should be followed in determining whether to grant declaratory relief:
 
 
 9
 We thus consider the following factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.
 
 
 10
 Grand Trunk, 746 F.2d at 326 (citing 6A Moore's Federal Practice para. 57.08- (1983)).
 
 
 11
 Upon remand, the district court in the present case carefully applied the Grand Trunk factors in concluding Allstate's action is inappropriate for declaratory relief. The court found that a declaratory judgment would not completely settle the controversy before it as the collateral liability aspect of the proceedings would continue in state court regardless of the court's ruling. However, a declaratory judgment would, the court found, "serve a useful purpose in clarifying the legal relations and issues...." J.A. at 104.
 
 
 12
 Yet the district court also noted that although the exercise of its jurisdiction would not necessarily "encroach" upon the state court's jurisdiction where diversity exists, entering declaratory relief would serve "to increase friction between federal and state courts." J.A. at 103. The court stated:
 
 
 13
 I suggest that [the "friction" question] could be resolved merely by putting oneself into the position of the state judge who has the underlying case and then is told that a federal judge across the street in another building has decided that there is or is not coverage based upon a factual determination of whether it was an intentional or nonintentional shooting. It would certainly, I think, not help federal-state relations for that judge to say what is that federal judge doing coming into my case and telling me whether I do or do not have a cause of action here and whether it is or is not intentional. So clearly it would increase the friction.
 
 
 14
 Id.
 
 
 15
 Finally, the district court concluded that its decision on the coverage issue would be res judicata on the state court and that Allstate has an adequate alternative remedy in pursuing its declaratory judgment action in state court.[2] Accordingly, the court found, after consideration of the factors outlined in Grand Trunk, and in the exercise of its discretion, that it should not enter declaratory relief under the facts of the present case.
 
 III.
 
 16
 We are constrained to affirm the district court's judgment on the bases of our prior decisions in American Home and Manley, Bennett. In Manley, Bennett, we stated:
 
 
 17
 [D]eclaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court. Such actions for an advance determination in the nature of an advisory opinion should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and res judicata are created.
 
 
 18
 Manley, Bennett, 791 F.2d at 463. And we held in American Home:
 
 
 19
 The Declaratory Judgment Act allows the federal courts, in the exercise of sound discretion, to depart from their usual practice of refusing to issue advisory opinions. Where complex factual issues are present and the action parallels a state court action arising from the same facts and where alternative remedies are available, declaratory judgment is inappropriate.
 
 
 20
 American Home, 791 F.2d at 64 (citing Grand Trunk, 746 F.2d at 326).
 
 
 21
 In the present case, the district court properly applied American Home and Manley, Bennett, as well as the five factors explained in Grand Trunk, in declining to render declaratory relief. Moreover, the court faithfully adhered to our mandate in exercising its discretion after "full inquiry into all relevant considerations." Green, 825 F.2d at 1065. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Section 2201 provides in pertinent part:
 In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
 28 U.S.C. Sec. 2201 (emphasis supplied).
 
 
 [2]
 Michigan does provide for declaratory relief. See Group Ins. Co. of Mich. v. Morelli, 111 Mich.App. 510, ----, 314 N.W.2d 672, 674 (1981) ("A declaratory judgment action is especially suitable and available to adjudicate before trial conflicts arising between an insured and an insurer."). Thus, Allstate may pursue declaratory relief in state court and indeed may have done so even before trial in state court began