## NATIONWIDE MUTUAL INSURANCE COMPANY

v.

**Carolyn FLYNN, parent and natural guardian of Henry Flynn, a minor.**

**No. Civ. A. 88-2174.**

United States District Court, E.D. Pennsylvania.

Dec. 15, 1988.

---

Patrick Shea, Philadelphia, Pa., for plaintiff.

Keith S. Erbstein, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Before me are plaintiff's motion for partial summary judgment and defendant's cross-motion to dismiss plaintiff's complaint for declaratory relief. For the reasons set forth below, I will decline to exercise jurisdiction and will grant defendant's motion to dismiss.

This case involves a dispute surrounding an underinsurance claim brought by defendant, Carolyn Flynn, pursuant to an insurance policy issued by plaintiff, Nation-wide Mutual Insurance Company, to Richard Korupp. Flynn alleged that she was entitled to the full amount of the underinsurance coverage following her son's involvement in an automobile accident. At the time of the accident, Richard Korupp, Flynn, and Flynn's son, Henry Flynn, had lived together for several years. Richard Korupp and Flynn were not married, however, and Richard Korupp was not the biological or the adoptive parent of Henry Flynn. Nationwide denied coverage, contending that Henry Flynn was not a "relative" of Korupp as defined by the insurance policy.[1] Flynn subsequently filed a petition to compel arbitration in the Philadelphia Court of Common Pleas which was granted on July 30, 1986.[2] After repeated continuances, an arbitration hearing was held on March 14, 1988, at which time the arbitrators determined that Henry Flynn was Korupp's "ward" and thus an insured under Korupp's policy. The arbitrators postponed resolution of the issues of damages and the extent of Nationwide's liability to Flynn under the terms of the policy for subsequent hearings. At a second arbitration hearing, Nationwide stipulated that it would not then contest the issue of coverage. At a third hearing, the arbitration panel considered the issue of the extent of Nationwide's liability, and found it liable in the amount of $600,000.

On March 14, 1988, the day the initial arbitration hearing was held, Nationwide filed the present action, seeking resolution of the same issues then pending before the state court's arbitration panel. Nationwide's motion for partial summary judgment asks the court to decide as a matter of law that Flynn is precluded from "stacking" the two insurance policies issued to

---

1. The policy contains a section pertaining to uninsured/underinsured motorists coverage which states that "[r]elatives living in your household also have this [uninsured/underinsured motorists] coverage." The policy defines relative as "one who regularly lives in your household, related to you by blood, marriage or adoption (including ward or foster child)."

2. The section of the policy regarding "uninsured/underinsured motorists coverage" provides for arbitration upon "written demand ... by either party" in the event that "[the insurer] and the insured do not agree about the insured's right to recover damages or the amount of damages." The arbitration provision further states that arbitrations will "be conducted in accordance with the provisions of the Pennsylvania Arbitration Act." The Philadelphia Court of Common Pleas found that the plaintiff was bound by this provision to submit the dispute surrounding coverage of Henry Flynn to a neutral state arbitration panel upon defendant's petition.

Korupp by Nationwide and that Nationwide may prorate its underinsurance coverage with the other insurance coverage available to Flynn. These issues, which concern the dollar amount of Nationwide's liability to Flynn, were decided in Flynn's favor by the state arbitration panel at the third hearing.

■■■ In complaints filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201,[3] a court's exercise of jurisdiction is discretionary. *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1217 (7th Cir.1980). In deciding whether a case is appropriate for declaratory relief, a court will consider: (1) whether a declaratory judgment would settle the controversy; (2) whether declaratory relief would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action has been initiated "to provide an arena for a race for *res judicata*," *American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir.1986); (4) whether declaratory relief would create friction between the state and federal courts and improperly encroach on state jurisdiction; and (5) whether an alternative remedy exists that is more effective. *Id.* Evaluating Nationwide's complaint in light of the criteria set forth in *Evans*, I find that to exercise jurisdiction in this case would be inappropriate.

*Evans* presents a scenerio factually similar to the case before me. In that case, the insurer filed a complaint in federal court shortly before commencement of trial in state court seeking a declaration that an exclusion in its policy pertained to the incident for which the insured was claiming coverage. The state court denied the insurer's motion to stay the action pending determination of the federal declaratory proceeding, and subsequently found in favor of the insured. Immediately thereafter, the district court granted the relief requested by the insurer, and the insured appealed. The Sixth Circuit vacated the

district court's declaratory judgment and ordered dismissal, regarding "the case as an effort to play off the state and federal courts against each other and as a race for *res judicata.*" *Id.*

Nationwide's efforts in this case parallel that of the insurer in *Evans.* After the Philadelphia Court of Common Pleas had ordered the parties to submit to arbitration, Nationwide filed the instant action, no doubt anticipating that a decision in its favor in federal court might collaterally estop Flynn from relitigating the same issues before the state arbitration panel. When the arbitrators decided in Flynn's favor on the issue of coverage, Nationwide responded by filing a motion for summary judgment in federal court.

All of the claims raised in Nationwide's declaratory action were fully litigated before and decided by the state arbitration panel. Therefore, as to the first *Evans* criteria, a declaratory judgment by this court would not "settle" the controversy because the controversy has already been "settled" by the arbitrators. Further action by this court would serve no "useful purpose in clarifying the legal relations at issue" under the second *Evans* criterion since the legal relations between the parties were established in March of 1988 at the first arbitration hearing.

With respect to the third *Evans* criterion, it appears likely that the purpose of Nationwide's federal action was to engage the state arbitration system in a "race for *res judicata.*" I can think of no other reason for Nationwide to seek declaratory relief with respect to those same issues pending in state court.

As to the fourth and fifth criterion, I have no doubt that the exercise of federal court jurisdiction in this matter would create unnecessary friction between the federal and state courts, especially now that each issue has been decided by state court arbitrators. If dissatisfied with the arbitrators' decision, Nationwide had an ade-

---

**3.** The Federal Declaratory Judgment Act states in pertinent part:
In a case of actual controversy within its jurisdiction, ... any court of the United States, ... may declare the rights and other legal relations of any interested party seeking such declaration....
28 U.S.C. § 2201.

quate and effective remedy in state court. Nationwide could have exercised its rights under section 7314 of the Pennsylvania Arbitration Act, 42 Pa.C.S.A. § 7301, *et seq*, and applied to the Philadelphia Court of Common Pleas to vacate the award. The Federal Declaratory Judgment Act is not a substitute for judicial review in state court. *See Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir.1974) (" 'The object of the statute [the Federal Declaratory Judgment Act] is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states.' ") (quoting *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir.1937)). Furthermore, Nationwide's state court remedy is consistent with and contemplated by the insurance policy at issue, which states that arbitrations are to be conducted in accordance with the Pennsylvania Arbitration Act. *See supra* note 2.

Having applied the procedural history of this case, as set forth in the pleadings, to the factors set forth in *Evans*, I decline to exercise jurisdiction over Nationwide's complaint, and will grant Flynn's motion to dismiss.[4] An order follows.

### ORDER

AND NOW, this 15th day of December, 1988, it is hereby ordered:

1. Plaintiff's motion for summary judgment is denied.

2. Defendant's motion to dismiss plaintiff's complaint is granted.

---

**4.** I note that this result is also entirely consistent with the Pennsylvania Declaratory Judgment Act, which precludes relief by declaratory judgment "with respect to any.... [p]roceeding involving an appeal from an order of a tribunal." 42 Pa.C.S.A. § 7541(c)(3). Although it is not clear from the facts presented in this case whether Nationwide has elected to pursue judicial review of the arbitrator's award, where, as here, ancillary proceedings involving the same parties are available which can resolve the same issues raised in the declaratory judgment action, *see* 42 Pa.C.S.A. § 7314 (providing standard and procedure whereby court may vacate arbitrators' award), under Pennsylvania law, declaratory relief is unavailable. *Prudential Property and Casualty Ins. Co. v. McDaniel*, 342 Pa.Super. 557, 493 A.2d 731 (1985), *North Canton Enterprises of Pa. v. Township of Ross*, 74 Pa.Commw. 479, 459 A.2d 1366, 1368–39 (1983), *cert. denied*, 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 687 (1984).