The **MARYLAND INSURANCE GROUP**, Plaintiff,

v.

**ROSKAM BAKING COMPANY, a Michigan corporation, Trafford Park Insurance, Ltd., a foreign corporation, a Subrogee to the rights of the Kellogg Company, Defendants.**

No. 1:97–CV–267.

United States District Court,
W.D. Michigan,
Southern Division.

March 24, 1998.

Norbert B. Leonard, Leonard Kruse & Zlatopolsky, Detriot, MI, for Maryland Ins. Group.

Mark S. Allard, Eric C. Fleetham, Deborah I. Ondersma, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Roskam Baking Co., a Michigan Corp.

Robert L. DeJong, Miller, Canfield, Paddock & Stone, PLC, Grand Rapids, MI, for Trafford Park Ins., Ltd., Kellogg Co.

### MEMORANDUM OPINION

QUIST, District Judge.

Plaintiff The Maryland Insurance Group ("Maryland") filed this declaratory judgment action in Kent County Circuit Court against Defendants Roskam Baking Company ("Roskam") and Trafford Park Insurance, Ltd. ("Trafford"), seeking a declaration that Maryland has no duty to defend or indemnify Roskam, its insured, in a lawsuit pending in

Kent County Circuit Court brought by Trafford. On April 10, 1997, Roskam and Trafford removed the case to this Court pursuant to 28 U.S.C. § 1441(a).

In the underlying lawsuit, Trafford seeks to recover from Roskam the amount Trafford paid to its insured, Kellogg Company, for Kellogg's loss arising out of a fire at Roskam's facility. Roskam tendered the defense to Maryland, and Maryland assumed Roskam's defense under a reservation of rights to contest coverage.

Presently before the Court are Maryland's motion for partial summary judgment regarding jurisdiction, Maryland's motion to enforce settlement, and Roskam's motion to dismiss or stay. Maryland's motion for summary judgment and Roskam's motion address whether the Court should exercise jurisdiction under 28 U.S.C. § 2201. For the reasons stated below, the Court finds that its exercise of jurisdiction would be improper, that remand is the appropriate disposition, and that Maryland's motion to enforce settlement should be decided by the state court.

 The parties' arguments in support of their respective motions center on whether this Court, in its discretion, should entertain or dismiss this case under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.[1] A district court may decide, in its sound discretion, to dismiss or stay an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a). *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995).

In *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir.1984), the Sixth Circuit discussed the considerations that should guide a district court in determining whether a declaratory ruling is appropriate:

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed."

*Id.* at 326 (quoting E. Borchard, *Declaratory Judgments* 299 (2d ed.1941)). The court listed the following five factors that courts should consider in determining whether a declaratory judgment will yield these results:

(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.*

In recent years, the Sixth Circuit has conveyed seemingly conflicting messages to district courts about the propriety of entertaining a declaratory judgment action involving insurance coverage when the underlying action is proceeding in state court. The court's message in *American Home Assurance Co. v. Evans,* 791 F.2d 61 (6th Cir.1986) was that federal district courts, at least in this circuit, should refrain from entertaining such actions where the sole issue is one of state law. *Id.* at 63. The court stated:

[T]he only basis of jurisdiction here is diversity jurisdiction. We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We also question the need for such declaratory judgments in federal courts when the only

---

**1.** The Declaratory Judgment Act provides, in part:

(a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

*Id.* The insurer in that case filed a declaratory judgment action shortly before trial was to begin in the underlying malpractice action in state court, seeking a declaration that its insured's alleged conduct fell within the policy's "dishonesty" exclusion. *Id.* at 62. After trial in the state court action was concluded and a judgment entered against the insured, the district court entered a declaratory judgment that the insurer was liable, in part, for indemnity. *Id.* Applying the *Grand Trunk* factors, the Sixth Circuit concluded that declaratory relief was inappropriate because the declaratory judgment action: (1) required resolution of the same facts in dispute in the state court action; and (2) presented state law issues regarding construction of an indemnification contract and conflicts of interest by insurance lawyers. *Id.* at 63.

The court expressed a similar view in *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance. Co.,* 791 F.2d 460 (6th Cir.1986). In *Manley, Bennett,* the insurer denied coverage to its insured, a stockbrokerage firm, in two actions alleging dishonest or fraudulent acts by the insured's employees. *Id.* at 461–62. The underlying actions were consolidated in the Western District of New York. *Id.* at 461 The insured filed a declaratory judgment action in the Eastern District of Michigan seeking a declaration that the insurer was obligated to provide coverage and indemnity for the cost of the defense. *Id.* at 462. The district court entered a declaratory judgment finding that the insurer was liable to indemnify the insured for the cost of defense. *Id.* The Sixth Circuit held that the case was not suitable for declaratory judgment because the declaratory judgment would require further proceedings for enforcement and would not be useful as a method for resolving the question presented or clarifying the legal relations at issue. *Id.* at 462. In addition, the court observed that

> declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing ac-

tion in another court. Such actions for an advance determination in the nature of an advisory opinion should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and res judicata are created.

*Id.* at 463.

The Sixth Circuit's statements in *American Home* and *Manley, Bennett* were interpreted by several district courts as establishing a per se rule that declaratory relief is inappropriate in insurance coverage cases. In *Allstate Insurance Co. v. Green,* 825 F.2d 1061 (6th Cir.1987), the district court sua sponte dismissed a declaratory judgment action based upon the holdings in *American Home* and *Manley Bennett. Allstate,* 825 F.2d at 1062–63. In concluding that the district court erred by not applying the *Grand Trunk* factors in its decision to dismiss the case, the Sixth Circuit tempered its previous holdings, observing that "our decisions in *American Home* and *Manley, Bennett* were not intended to preclude totally the availability of § 2201 actions involving insurance coverage questions." *Allstate,* 825 F.2d at 1066. The court further noted, "[i]n fact, we have since upheld the grant of declaratory relief to an insurer, specifically pointing out that analysis under the factors first enunciated in *Grand Trunk* supported the exercise of federal jurisdiction." *Id.* (citing *State Farm Fire & Cas. Co. v. Odom,* 799 F.2d 247, 250 n. 1 (6th Cir.1986)). The court remanded the case to the district court for consideration of the *Grand Trunk* factors. *Allstate,* 825 F.2d at 1067; *see also Allstate Ins. Co. v. Gudeneau,* Nos. 86–1844, 86–2000, at *5, 1987 WL 44831 (6th Cir. Sept.22, 1987)(per curiam)(remanding for consideration of *Grand Trunk* factors).

Despite leaving open the possibility that a federal district court's exercise of jurisdiction may be proper in certain insurance coverage declaratory judgment actions, the Sixth Circuit's decisions in recent years suggest that a district court should exercise jurisdiction over such cases only in two situations: when the underlying liability suit is pending in the

same court or the issues presented are clearly legal in nature without any need for a determination of any fact in dispute in the underlying liability action. *See Omaha Prop. & Cas. Ins. Co. v. Johnson,* 923 F.2d 446, 448 (6th Cir.1991)(holding that district court erred in granting declaratory relief based upon likelihood that dual decisions would confuse, rather than settle, dispute); *Allstate Ins. Co. v. Mercier,* 913 F.2d 273, 279 (6th Cir.1990)(reversing judgment of district court because legal issues in declaratory judgment action could be determined only in light of factual determinations made by state court in underlying action); *Allstate Ins. Co. v. Green,* No. 87–2086, 1988 WL 65530, at *3 (6th Cir. June 27, 1988)(per curiam)(affirming district court's decision after considering *Grand Trunk* factors on remand to decline to render declaratory relief); *Tricil Resources, Inc. v. Mutual Fire, Marine & Inland Ins. Co.,* No. 86–3969, at *3 (6th Cir. Dec.29, 1987)(affirming district court's dismissal of declaratory judgment action on basis that liability issues were not factually and legally distinct from policy interpretation issues).

Several of the *Grand Trunk* factors indicate that the Court's exercise of jurisdiction would be proper in this case. A declaratory judgment would settle the controversy between the parties, that is, the issue of whether Maryland is obligated to defend or indemnify Roskam in the Trafford litigation would be resolved. A declaratory judgment would also clarify the legal relations in issue by confirming whether Maryland is contractually obligated to defend or indemnify Roskam. Moreover, it is clear that Maryland is not using this declaratory action as a device for "procedural fencing" or to win a "race for res." The case is before this Court not because Maryland filed the action here, but instead because Roskam, an in-state defendant, removed the action to this Court.

On the other hand, it is entirely possible that a decision by this Court involving issues of fact may conflict with factual determinations made by the state court. While it may be that this case presents the more unique situation where factual and legal issues in the liability case are distinct from policy interpretation issues, the Court cannot determine at this stage of the litigation whether common factual questions are involved. Furthermore, from its recent experience in a similar case, the Court has learned that the need to coordinate jury instructions and verdict forms for determination of common questions may present administrative problems and a duplication of judicial resources if two courts in different systems are involved rather than one court overseeing both cases. Based upon these reasons, the Court will remand this case to the state court for a determination of declaratory relief as well as Maryland's pending motion to enforce settlement.