**WESTFIELD INSURANCE COMPANY, Plaintiff,**

v.

**STONE HARBOR CONSTRUCTION, INC., et al., Defendants.**

**No. 1:00–CV–258.**

United States District Court,
W.D. Michigan,
Southern Division.

May 15, 2000.

---

Deborah A. Hebert, Cardelli & Hebert, Royal Oak, for Westfield Insurance Company, a foreign corporation, plaintiffs.

## OPINION

QUIST, District Judge.

On April 17, 2000, this Court issued an Order directing Plaintiff, Westfield Insurance Company ("Westfield"), to show cause why the Court should exercise its jurisdiction over this declaratory judgment action raising the issue of whether Westfield has a duty to defend and indemnify its insureds in a state court action pending in Emmet County Circuit Court. In its Order, the Court cited several decisions by the United States Court of Appeals for the Sixth Circuit, including *American Home Assurance Co. v. Evans,* 791 F.2d 61 (6th Cir.1986), as indicating that a federal district court applying the factors set forth in *Grand Trunk Western Railroad v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir. 1984), should normally decline to exercise its jurisdiction in cases such as this.

In *Grand Trunk,* the Sixth Circuit discussed the considerations that should guide a district court in determining

whether a declaratory ruling is appropriate:

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed."

*Grand Trunk*, 746 F.2d at 326 (quoting E. Borchard, *Declaratory Judgments* 299 (2d ed.1941)). The court listed the following five factors that courts should consider in determining whether a declaratory judgment will yield these results:

(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.*

In response to the Court's Order, Westfield cites three cases which it contends support a district court's exercise of jurisdiction in an insurance coverage declaratory judgment action such as this, where the underlying case is pending in state court. In the first case, *Allstate Insurance Co. v. Green*, 825 F.2d 1061 (6th Cir.1987), the district court sua sponte dismissed an insurer's declaratory judgment action based upon the Sixth Circuit's decisions in *American Home* and *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance Co.*, 791 F.2d 460 (6th Cir.1986).

On appeal, the Sixth Circuit concluded that the district court misinterpreted its holdings in *American Home* and *Manley, Bennett* by dismissing the case without considering the *Grand Trunk* factors, stating that "our decisions in *American Home* and *Manley, Bennett* were not intended to preclude totally the availability of [declaratory judgment] actions involving insurance coverage questions." *Allstate*, 825 F.2d at 1066. In addition, the court pointed out that it had upheld the grant of declaratory relief to an insurer in other cases where the exercise of jurisdiction was supported by application of the *Grand Trunk* factors. *See id.* Thus, the court's holding was not that federal jurisdiction over insurance declaratory judgment actions is or is not per se improper, but rather that a district court must consider the *Grand Trunk* factors in exercising its discretion in such cases. Nonetheless, it is notable that on remand in *Allstate*, after considering the *Grand Trunk* factors, the district court declined to exercise jurisdiction, and the Sixth Circuit affirmed. *See Allstate Ins. Co. v. Green*, No. 87–2086, 1988 WL 65530, at *3 (6th Cir. June 27, 1988)(per curiam).

The second case cited by Westfield is the unpublished decision in *Hartford Accident and Indemnity Co. v. Industrial Excess Landfill, Inc.*, Nos. 93–3689, 93–3765, 1995 WL 33773 (6th Cir. Jan. 27, 1995)(per curiam). Although Westfield is correct that the Sixth Circuit affirmed the district court's issuance of declaratory relief in that case, Westfield fails to note that the issue in the case was the insurer's duty to defend and indemnify in a CERCLA action pending in the same federal district court as the declaratory judgment action. In this case, the underlying suit is pending in state court, not federal court. The court recognized such a distinction in *Hartford Accident* when it noted that "all of the cases cited by the defendants in support of abstention involved concurrent state court actions giving rise to, among other things, the possibility of conflicting or inconsistent rulings on the same issue." *Hartford Ac-*

*cident,* 1995 WL 33773, at *1. Thus, the case actually cuts against Westfield's argument.

The final case cited by Westfield is *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.,* 149 F.3d 371 (5th Cir. 1998). Westfield erroneously contends that this case was decided by the Sixth Circuit. *Agora Syndicate* was a Fifth Circuit case. Therefore, that case is not instructive on the law in the Sixth Circuit.

█ As noted above, this Court's decision whether or not to exercise its jurisdiction in this case must be guided by the *Grand Trunk* factors. The Court finds that the first two factors weigh in favor of the Court entertaining Westfield's claim because a declaration by this Court that Westfield either does or does not have a duty to defend and indemnify its insureds in the underlying state court action would settle the coverage dispute and would thus clarify the legal relations between Westfield and its insureds. In addition, based upon the record before the Court, there is no indication that the third factor presents a ground for the Court to decline jurisdiction because it does not appear that Westfield is using this action for "procedural fencing" or to win a "race for res."

█ It is the fourth *Grand Trunk* factor that presents the greatest concern to the Court. Although Westfield argues that the facts and issues in this case are separate and distinct from those in the state court action, based upon its review of the complaint in this case and the complaint in the underlying case, the Court is not convinced that a determination by the Court in this case would not conflict with factual determinations in the underlying case. While it may ultimately be true that both cases can be resolved without presenting any overlap of factual or legal issues, the Court cannot determine at this stage of the litigation whether conflicting determinations may result. From its prior experiences in cases such as this, the Court is aware that such conflicts can and do often result and present problems such as the need to coordinate jury instructions and verdict forms if the cases ultimately proceed to trial. Furthermore, the Court notes that the prospect of two courts overseeing potentially overlapping cases could result in an unnecessary waste of judicial resources. For these reasons, the Court finds that the *Grand Trunk* factors weigh in favor of this Court abstaining from exercising its jurisdiction.[1]

---

1. The Court also finds that the fifth *Grand Trunk* factor weighs in favor of this Court abstaining because Westfield has a remedy in state court, i.e., filing a declaratory judgment action. Such an alternative would be superior to an action in this Court because the state court has jurisdiction over the underlying action and is thus in a better position to coordinate discovery and trial issues between the two cases if necessary.