621 F.Supp. 1204 (1985)
KOCH ENGINEERING CO., INC., Plaintiff,
v.
MONSANTO COMPANY, Defendant.
No. 85-1578C(1).
United States District Court, E.D. Missouri, E.D.
December 6, 1985.
*1205 William E. Shull, Koch Engineering Co., Wichita, Kan., Thomas Lake, St. Louis, Mo., for plaintiff.
John S. Sandberg, Paul N. Venker, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before the Court on defendant's motion to dismiss or, in the alternative, to transfer and plaintiff's motion to enjoin defendant from proceeding in the United States District Court for the Southern District of Texas. For the reasons stated herein, defendant's motion to dismiss is granted. Accordingly, plaintiff's motion to enjoin is denied and defendant's alternative motion to transfer is denied as moot.
This action arises out of an agreement between Koch Engineering Company, Inc. *1206 (Koch) and Monsanto Company (Monsanto) entered into on or about June 23, 1982. Under the terms of the agreement, Koch would supply Monsanto internal components for refurbishing an ethyl benzenestyrene monomer distillation column (the tower). The tower is located at Monsanto's plant in Texas City, Texas. Monsanto, in a separate agreement, contracted with Brooks Erection and Construction Company to install the components furnished by Koch.
During August, 1983, following the completion of the refurbishment, Monsanto informed Koch that the tower was not performing properly. Monsanto made demands on Koch under the warranty provisions of the contract. For the next two years, the parties took various actions and made a variety of demands in attempts to resolve the dispute. The parties met most recently in Wichita in July, 1985. At that meeting, Monsanto informed Koch that it had suffered damages of 11.2 million dollars. According to Monsanto, Koch was also informed that the Texas statute of limitations required Monsanto to file suit in early August.
On July 11, 1985, following two unsuccessful attempts to resolve the dispute, Koch filed this declaratory judgment action in the Eastern District of Missouri. Koch requests this Court to declare the rights of the respective parties under the contract between Koch and Monsanto. Jurisdiction is based on diversity of citizenship of the parties.[1] 28 U.S.C. § 1332.
On July 25, 1985, two weeks after Koch filed this action, Monsanto filed a five count complaint in the United States District Court for the Southern District of Texas. Monsanto's complaint alleges inter alia, breach of contract, breach of warranties, negligence and deceptive trade practices under the Texas Deceptive Trade Practices-Consumer Protection Act. Tex.Bus. & Com.Code Ann. § 17.41 et seq. Neither action has progressed past the initial pleading stage. Monsanto has not yet answered Koch's complaint but instead seeks to have it dismissed, or in the alternative, transferred to the Southern District of Texas. Koch on the other hand, seeks an injunction against further proceedings in the Texas action, pending resolution of the declaratory judgment suit filed in this Court. The parties and this Court are in agreement that only one action is necessary to resolve this dispute. The question for this Court is which of the two actions should proceed. For the reasons stated below, this Court finds that the action pending in the Southern District of Texas is the appropriate and proper suit to resolve the parties' dispute.
The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." There is no dispute that this Court has the authority to entertain Koch's petition for declaratory judgment. This decision however, is within the discretion of the district court. The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962) (per curiam). It is clear that this discretion is not without limits. "[A] district court cannot decline to entertain such an action as a matter of whim or personal disinclination." Id.
In deciding whether to allow Koch to proceed in this lawsuit, the court must look to the purpose of the Declaratory Judgment Act. The Act was intended to provide a remedy which would "minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." 10A C. Wright, A. *1207 Miller and M. Kane, Federal Practice and Procedure § 2751 at 569 (1983). In reviewing the facts of this case in a light most favorable to Koch, it is clear to this Court that allowing this suit to proceed under these circumstances would not promote any of the purposes of the Declaratory Judgment Act.
The plaintiff has not identified any loss that can be avoided through the use of the Declaratory Judgment remedy. The breach of contract, if it occurred at all, took place on or about August, 1983. At that time, Monsanto informed Koch that the tower's output was not up to the specifications as required by the contract. Neither Monsanto nor Koch has alleged any continuing damages arising from this alleged breach of contract. Therefore, this Court's decision to refuse to entertain Koch's petition will not cause additional loss or result in the unnecessary accrual of damages.
The Act's purpose of providing an early adjudication to one threatened with liability would also not be promoted by a use of the declaratory judgment remedy in this case. The parties agree that settlement negotiations took place as late as July, 1985. This Court will assume that the parties undertook those and prior negotiations in good faith. In view of the fact that Koch participated in settlement negotiations for almost two years, Koch could not, nor does it, argue that declaratory judgment is necessary to insure that Koch is afforded an early adjudication. Again, this Court finds that the decision to refuse to entertain Koch's petition will not frustrate the purpose of the Declaratory Judgment Act.
Koch, in its memorandum in opposition to Monsanto's motion to dismiss, attaches great weight to the fact that Koch's suit for declaratory judgment was the first suit filed. Generally, the doctrine of federal comity and efficient judicial administration indicate that when "two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93 (9th Cir. 1982). The first to file rule however, is not one of absolutes. The Eighth Circuit has specifically avoided fashioning a rigid or inflexible rule for determining the priority of cases pending in federal courts involving identical claims or subject matter. Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir.1985); Florida v. United States, 285 F.2d 596, 604 (8th Cir. 1960). In a time of an increasingly crowded federal docket, the courts must consider each case individually in deciding questions of concurrent jurisdiction. In considering this case, it is clear to this Court that the first to file rule should not be applied.
As an initial matter, it is important to note that the two actions are not identical. Koch's action in this Court seeks a declaration of the parties' rights under the contract. Monsanto's action, filed in the Southern District of Texas, seeks damages for breach of contract, breach of warranty, negligence and a violation of the Texas Deceptive Trade Practices Act. Had it not been for the Declaratory Judgment Act, Koch could not have filed this or any other lawsuit. It is this use of the Act, to which this Court objects. Koch's suit, while furthering none of the goals of the Declaratory Judgment Act, represents only a race to the courthouse. This type of procedural fencing denies the injured party his right to choose the forum in which to seek redress.
This Court is not the first court to object to this use of the Declaratory Judgment Act. In a similar situation involving a personal injury claim, the Seventh Circuit noted that "to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tort-feasor would be a perversion of the Declaratory Judgment Act." Cunningham Brothers, Inc. v. Bail, 407 F.2d 1165, 1167 (7th Cir.1969) cert. denied, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969). Koch, in response to this argument, cites this Court to numerous cases wherein the Declaratory Judgment Act was used to resolve a breach of contract dispute. In those cases, the declaratory judgment defendant *1208 counterclaimed for its breach of contract damages and the cases proceeded to trial in that posture. The cases do not support Koch's argument that this Court should uphold Koch's choice of forum over the objection of Monsanto. In none of the cases cited by Koch was this issue raised and decided upon by the court.
This Court must also consider which of the two actions will best serve the needs of the parties by providing a comprehensive solution to the entire controversy. Ven-Fuel, Inc. v. Dept. of the Treasury, 673 F.2d 1194, 1195 (11th Cir.1982); Hypro, Inc. v. Seeger-Wanner Corp., 292 F.Supp. 342, 344 (D.Minn.1968). Koch contends that Monsanto will be required to raise all its claims against Koch as compulsory counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure. Regardless of whether this is true or not, Koch's request for an injunction is premature until such time as this Court is convinced that this suit will completely resolve the controversy. This leaves the parties with two lawsuits involving the same controversy in two different federal courts. On the other hand, it is quite obvious to this Court even at this early stage in the proceedings that Monsanto's suit in the Southern District of Texas will fully resolve the controversy between the parties. By dismissing Koch's petition for declaratory judgment, this Court avoids both the uncertainty of a possibly premature injunction and/or the burden and expense on the courts and the parties associated with duplicate lawsuits.
Upon consideration of the facts in this case, this Court finds that the best interest of comity and judicial economy are served by dismissing Koch's complaint for declaratory judgment. Accordingly, defendant's motion for a transfer of venue is moot and the arguments for said transfer were not considered in rendering this decision. This Court is certain that the Texas Court will give full and adequate consideration to any motion for a change of venue.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff's complaint be and is granted.
IT IS FURTHER ORDERED that plaintiff's motion to enjoin defendant from proceeding in the United States District Court for the Southern District of Texas be and is denied.
IT IS FURTHER ORDERED that defendant's motion to transfer be and is denied as moot.
NOTES
[1] Monsanto is a corporation organized under the laws of Delaware and its principal place of business is St. Louis, Missouri. Koch is organized under the laws of Kansas and its principal place of business is also Kansas.