**SOUTHMARK CORPORATION, Plaintiff,**

v.

**PSI, INC., Defendant.**

**Civ. A. No. J89–0435(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Dec. 7, 1989.

T. Roe Frazer, II, Jackson, Miss., for plaintiff.

R. David Kaufman, Jackson, Miss., and V. Ann Gilbert, PSI, Inc., Omaha, Neb., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Motion of Defendant to Dismiss or Stay, on the Motion of Plaintiff for Injunctive Relief, on the Motion of Plaintiff to Strike Defendant's Motion to Dismiss for Failure to Comply with Uniform Local Rules, or, Alternatively, to Exclude Extra–Record Exhibits of Defendant, and on the Application of Defendant for Review of Magistrate's Order. Having reviewed the aforesaid Motions and supporting and opposing memoranda, this Court finds that Defendant's Motion and Application should be denied, that Plaintiff's Motion for Injunctive Relief should be denied, and that Plaintiff's Motion to Strike or Exclude should be granted as to the exclusion.

## I. FACTUAL BACKGROUND

Plaintiff Southmark Corporation ("Southmark"), a closely-held Mississippi corporation with its principal place of business in Jackson, Mississippi, sells natural gas to municipalities and businesses in several southeastern states. Defendant PSI, Inc. ("PSI"), a Missouri corporation with its principal place of business in Omaha, Nebraska, markets natural gas to customers throughout the country.

In February, 1989, Southmark and PSI initiated negotiations which eventually resulted in an agreement or letter of understanding dated April 10, 1989. The agreement provided for a joint marketing arrangement whereby Southmark would locate potential customers and call PSI for a bid price for natural gas. PSI would then quote a price range to Southmark and Southmark would relay the price to potential customers. Southmark would inform PSI of the volume of gas requested by each customer and PSI would make arrangements for the sale and transportation of the gas.

Thereafter, a dispute arose between Southmark and PSI over the existence of a valid contract between them. Counsel for Southmark wrote to Mark Petersen, President of PSI, and invited PSI to enter into settlement negotiations with Southmark. Petersen agreed to meet with representatives of Southmark and a meeting was held between Petersen and officers of Southmark on July 21, 1989. At that meeting, Petersen proposed a new contract and, alternatively, offered to renew the April 10 agreement which PSI claimed had expired. The parties were unable to reach an agree-

ment at the meeting but by letter dated July 21 counsel for PSI informed William Randolph, President of Southmark, that Southmark would have until August 4, 1989, to agree to PSI's proposed terms for settlement. Exhibit A, Plaintiff's Motion to Strike or, Alternatively, to Exclude.

However, on July 20, 1989, PSI had filed a declaratory judgment action in the United States District Court for the District of Nebraska. Neither Peterson nor counsel for PSI had made mention of the suit at the July 21 meeting or in the letter of the same date. Southmark had no notice of the action until Randolph was served on July 24, 1989.

On July 31, 1989, Southmark filed the instant suit against PSI seeking actual and punitive damages and other relief for alleged breach of contract, tortious interference with economic relations and unfair competition, fraud and misrepresentation, breach of fiduciary duty, and commission of an independent tort. On August 9, 1989, Southmark filed a Motion to Dismiss and Alternatively to Transfer or Stay in the District Court in Nebraska concerning the action filed by PSI. On August 18, 1989, PSI filed in this Court the Motion to Dismiss now before the Court. On August 31, 1989, Southmark filed with this Court a Motion for Injunctive Relief requesting the Court to enjoin PSI from proceeding further with its declaratory action in Nebraska.

On October 10, 1989, an order of this Court, by United States Magistrate John R. Countiss III, was filed compelling PSI to comply with Document Production Requests by Southmark. On October 11, 1989, PSI filed an Application for Review of the Order.

On October 24, 1989, the United States District Court for the District of Nebraska issued an Opinion denying the Motion to Dismiss or Alternatively to Transfer or Stay filed by Southmark. On November 20, 1989, the same Court denied a Motion for Reconsideration filed by Southmark.

On October 31, 1989, this Court, by Magistrate Countiss, issued an order consolidating the action originally filed in this Court as Civil Action No. J89–0435(B) with Civil Action No. J89–0610(B), also captioned as *Southmark Corp. v. PSI, Inc.*, which had been filed originally in the Chancery Court for the First Judicial District of Hinds County, Mississippi, and had been removed by PSI to this Court. Both actions were consolidated under Civil Action No. J89–0435(B).

## II. CONCLUSIONS OF LAW

The federal courts have a significant interest in judicial economy and efficiency. Rule 13(a) of the Federal Rules of Civil Procedure serves to protect that interest. It states in relevant part as follows:

**(a) Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Ordinarily, then, where a claim is filed in one court and the defendant in the action, instead of asserting a counterclaim, institutes a second action in which that counterclaim is the basis of the complaint, the court in which the second claim is filed will either dismiss the action or stay it pending resolution of the first action. 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1418 at 103–04 (1971); *see also Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962) (Rule 13(a) directed against one who fails to assert a counterclaim in one action and then institutes a second action in which that counterclaim becomes basis of complaint). Moreover, a general rule obtains in federal courts that when "two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.1982).

This Court need not determine whether Southmark's claims in this action would qualify as counterclaims in the Nebraska action under Rule 13(a), because even if they were to do so, the dismissal or stay of the instant action would not be justified. Where, as here, the earlier action is filed in an obvious attempt to deprive the potential plaintiff of its choice of forum, justice will not allow the dismissal or stay of the earlier action.

In *Koch Engineering Co. v. Monsanto Co.*, 621 F.Supp. 1204 (E.D.Mo.1985), Koch, following unsuccessful settlement negotiations in which Monsanto informed Koch of alleged liability by Koch to Monsanto, filed a declaratory judgment action in the Eastern District of Missouri. Two weeks later, Monsanto filed an action in the Southern District of Texas. Noting that the first to file rule is not absolute and that the two actions, a declaratory judgment action and a damages action, were not identical, the District Court for the Eastern District of Missouri held that Koch would not be allowed to make use of the Declaratory Judgment Act to win a "race to the courthouse." *Id.* at 1207. According to the court, such "procedural fencing denies the injured party his right to choose the forum in which to seek redress." *Id.* The court granted the motion of Monsanto to dismiss the declaratory judgment action filed by Koch.

In *Columbia Pictures Indus., Inc. v. Schneider*, 435 F.Supp. 742 (S.D.N.Y.1977), *aff'd*, 573 F.2d 1288 (2d Cir.1978), Schneider had sent a copy of a proposed complaint which it was considering filing against Columbia to a representative of Columbia so that settlement negotiations could be initiated between the parties. After attempts to settle the dispute had failed, Schneider had instructed its counsel to file the complaint in the United States District Court for the Central District of California, but before that could be done Columbia had filed its own complaint in the United States District Court for the Southern District of New York. The federal court in New York, in holding that the action should be stayed pending disposition of the California action, pointed out that "it would create disincentives to responsible litigation if Columbia were allowed to prevent Schneider et al. from litigating in the forum of their choice by having won the race to the courthouse by six days." *Id.* at 747. The court also stated that "[p]otential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing...." *Id.*

In the case *sub judice* it is clear that PSI has attempted to use the Declaratory Judgment Act in an improper and unseemly manner to deprive Southmark of its right as a potential plaintiff to choose a forum for resolution of the dispute. While Southmark apparently made a good faith effort to enter into settlement negotiations, PSI took advantage of those negotiations through deceptive maneuvers to get a head start in a "race to the courthouse." This Court will join other federal courts in disapproving such misuse of the Declaratory Judgment Act. *See, e.g., Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir.1969), *cert. denied*, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *Koch, supra.*

Accordingly, this Court will deny the Motion of PSI to Dismiss or Stay. Granting such a motion would be inequitable in light of the actions of PSI in relation to this case. The Court notes that it is within the discretion of the Court to allow this later filed action to proceed. *See, e.g., Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979) (district court did not abuse its discretion in allowing later filed suit to proceed where earlier filed declaratory judgment action was anticipatory).

However, in light of the denial by the federal court in Nebraska of the Motion to Dismiss or Alternatively to Transfer or Stay and the Motion for Reconsideration filed by Southmark in that court, this Court cannot grant the Motion for Injunctive Re-

lief of Southmark requesting that PSI be enjoined from pursuing its declaratory judgment action. A number of courts have recognized even in affirming the dismissal or stay of anticipatory declaratory judgment suits that the decision whether or not to dismiss or stay is a matter of the district court's discretion. *E.g., Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir.1983); *Ven–Fuel, Inc. v. Dep't of Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982); *Amerada Petroleum v. Marshall*, 381 F.2d 661 (5th Cir.1967), *cert. denied*, 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828 (1968); *Chicago Furniture Forwarding Co. v. Bowles*, 161 F.2d 411, 413 (7th Cir. 1947). This Court is not competent to determine whether or not the federal district court in Nebraska abused its discretion in refusing to stay or dismiss the declaratory judgment action of PSI. Only the Court of Appeals for the Eighth Circuit on proper appeal can make that determination.

The Court notes that the denial of the Motion to Dismiss or Stay of PSI does not conflict with the holding of the federal court in Nebraska denying the Motion to Dismiss or Alternatively to Transfer or Stay of Southmark. The court in Nebraska held only that it had personal jurisdiction over Southmark, that venue was proper in Nebraska, and that the interests of justice did not warrant a transfer pursuant to 28 U.S.C. § 1404(a). Issues of personal jurisdiction and venue have not been raised in this Court. Indeed, the sole basis for the Motion to Dismiss or Stay submitted by PSI was the contention of PSI that the claims of Southmark in the instant action constituted compulsory counterclaims which had to be filed in the Nebraska action.

The Court also finds that the Motion of Southmark to Strike Defendant's Motion to Dismiss for Failure to Comply with Uniform Local Rules, or, Alternatively, to Exclude Extra–Record Exhibits of Defendant should be granted as to the exclusion of extra-record exhibits. While Southmark has withdrawn its original contention that PSI failed to comply with local rules, the Court finds the alternative submission of Southmark that certain affidavits submitted by PSI in support of its Rebuttal Memorandum should be excluded to be well taken. Issues of venue and personal jurisdiction in Nebraska are proper considerations only for the federal court in Nebraska. As noted *supra*, these issues are not before this Court.

The Court further finds that the Application for Review of Magistrate's Order submitted by PSI should be denied as moot. The basis for the Application is the pendency of the Motion to Dismiss or Stay of PSI. Indeed, in the Application PSI states that "if PSI's Motion to Dismiss or Stay is denied, PSI will respond to Southmark's Complaint and First Document Production Request in a timely manner." Application for Review, para. 6. Accordingly, PSI will be required to comply with the terms of the Magistrate's Order.

IT IS THEREFORE ORDERED that the Motion to Dismiss or Stay submitted by PSI and the Motion for Injunctive Relief submitted by Southmark are denied.

IT IS FURTHER ORDERED that the Motion to Exclude Extra–Record Exhibits of Defendant submitted by Southmark is granted.

IT IS FURTHER ORDERED that the Application for Review of Magistrate's Order submitted by PSI is denied. In accordance with the terms of the Magistrate's Order, PSI shall file its responses to the First Document Production Requests of Southmark on or before December 20, 1989.

SO ORDERED.