**CROWN CORK & SEAL COMPANY, INC.**

v.

**BORDEN, INC.**

**Civ. A. No. 91–1879.**

United States District Court, E.D. Pennsylvania.

Dec. 11, 1991.

**34**

Aaron C.F. Finkbiner, III, Philadelphia, Pa., for plaintiff.

Edward F. Mannino, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This is a declaratory judgment action. Before me now are defendant's motion to dismiss and plaintiff's motion to enjoin all other litigation on related issues. I will grant defendant's motion to dismiss and deny plaintiff's request for injunction.

## BACKGROUND

From 1985 to 1987, plaintiff, Crown Cork & Seal Company, Inc., manufactured and sold welded aerosol cans to defendant, Borden Company, Inc. Borden filled those cans with paint and sold them throughout the United States. Some of the cans leaked, causing injury. In 1987, Borden recalled the defective cans.

In July, 1988, Borden asked Crown to reimburse its costs of recall. Crown refused. In the meantime, Borden was sued for personal injuries resulting from the leaks, and it sued Crown as a third-party defendant. The companies settled two suits out of court, sharing the settlement payments equally.

Between 1988 and early 1991, the parties tried unsuccessfully to settle their dispute. On February 19, 1991, Borden once again requested all the costs and expenses caused by the leaking cans, including the cost of defending and settling the two lawsuits. Borden said if Crown did not pay, Borden would sue.

On March 21, 1991, however, Crown sued first, in this court, seeking judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Pennsylvania Declaratory Judgment Act, 42 Pa.C.S.A. § 7531 *et seq.* Crown asks this court to declare a) Crown's cans were not defective; b) Crown did not breach its warranty; c) Crown did not breach its contract with Borden; d) Borden assumed the risk and/or was contributorily negligent; and e) any action by Borden against Crown was barred by laches and the statute of limitations.

On May 13, 1991, before answering Crown's complaint, Borden sued Crown in the United States District Court for the Western District of Oklahoma, alleging breach of contract and breach of implied warranties of merchantability with regard to the same leaking cans.

Borden then moved to dismiss Crown's declaratory judgment action here, contending Crown can raise its defenses to liability in the Oklahoma suit. Borden calls Crown's complaint "nothing more than an attempt by Crown to forum-shop its way out of liability," and argues it has the right to choose the Oklahoma forum. Crown responds that its declaratory judgment suit is not only appropriate but, since Crown filed first, I should enjoin Borden "and all other persons who claim by, through or under [Borden], and all other persons with notice of this suit" from pursuing either the Oklahoma suit, or any other legal ac-

tion regarding Crown's sale of cans to Borden.

On September 24, 1991, the district court in Oklahoma dismissed Borden's contract suit against Crown for lack of personal jurisdiction. Crown's motion to enjoin Borden from pursuing the Oklahoma litigation is therefore moot. What remains is Borden's motion to dismiss Crown's declaratory judgment action, and Crown's cross-motion to enjoin all future litigation, in whatever forum, concerning its liability for Borden's leaking cans.

## ANALYSIS

■ The granting of a declaratory judgment rests in the sound discretion of the trial court. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968). I decline to exercise jurisdiction over Crown's federal declaratory judgment suit for two reasons: 1) its request for declaratory relief in this district constitutes "procedural fencing"; and 2) the litigation costs Crown seeks to avoid by this suit are not the type of "uncertainty and insecurity" the Declaratory Judgment Act intended to relieve.

### A. Procedural Fencing

■ Crown's declaratory judgment strategy has already been considered and rejected by other district courts. *The Board of Regents for Northwest Missouri State University v. MSE Corp.*, 1990 WL 212098, 1990 U.S.Dist. LEXIS 17344 (W.D.Mo. November 20, 1990), held that a declaratory judgment suit filed pre-emptively to foreclose a defendant's choice of forum is inappropriate. In that case, MSE requested reimbursement from NWMSU for the costs of correcting defective maps an NWMSU organization had sold to MSE's predecessor

in interest. MSE explained that it preferred to resolve the matter amicably, but was prepared to sue NWMSU for breach of contract if necessary. However, NWMSU sued MSE first, seeking a declaration it had not breached its contract. The court held that declaratory judgment was inappropriate solely to adjudicate NWMSU's past conduct. First, the court reviewed the purpose of the Declaratory Judgment Act, i.e.:

> to minimize the danger of unavoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued. 10A Wright, Miller, and Kane, *Federal Practice and Procedure* § 2751 at 569 (1983).

*See also Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168, (7th Cir.1969), *cert. denied*, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969)[1]. The court in *Board of Regents* held that NWMSU had not shown how a declaratory judgment would enable it to change its conduct to avoid damages which had not yet accrued. 1990 WL 212098 at 3, 1990 U.S.Dist. LEXIS 17344 at 7. NWMSU was just trying to pre-empt MSE's choice of forum.

*Board of Regents* relied on *Koch Engineering Co. v. Monsanto Co.*, 621 F.Supp. 1204 (E.D.Mo.1985). In that case, Koch Engineering Co. sold supplies, under warranty, which later failed. The buyer, Monsanto Co., demanded that Koch fulfill its warranty. The parties attempted to negotiate several settlements over the course of two years. Finally, Monsanto told Koch it was contemplating suit for loss of $11.2 million, whereupon Koch filed a declaratory judgment action in Missouri asking the court to determine the rights of the parties. Monsanto filed its breach of contract suit in

---

1. *Cunningham Bros.* held that "it is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability" (quoting *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F.Supp. 280, 282 (E.D.Pa. 1952), aff'd 203 F.2d 957 (3d Cir.1953).

Crown claims its suit is different because it sounds in contract, not tort, but elaborates no further on this argument. Crown does seek a declaration of non-liability, like the plaintiff in *Cunningham Bros.* Yet even conceding that a personal injury plaintiff may, in some instances, have a more compelling need to choose the forum than a contract litigant, I do not think Borden's interest in choosing the forum here is so much smaller that Crown should be able to manipulate it with declaratory judgment acts.

Texas, as intended, and then moved in Missouri to dismiss Koch's suit for declaratory judgment. The Missouri court did. Chief Judge Nangle noted that early adjudication of Koch's rights could hardly be "necessary," since Koch had participated in settlement negotiations for a full two years. He held that Koch's suit promoted none of the purposes of the Declaratory Judgment Act, and served only to deprive Monsanto of its choice of forum. *Id.* at 1207. *See also Solna Web, Inc. v. Printed Media Services, Inc.*, 1990 U.S.Dist. LEXIS 11554 (W.D.Mo. August 31, 1990) (declaratory judgment action dismissed where plaintiff had participated in settlement negotiations for three and one half years before filing suit, and could present its claims in defendant's alternative choice of forum); *Farmland Industries, Inc. v. Tenngasco Corp.*, 1990 WL 321420, 1990 U.S.Dist. LEXIS 2590 (W.D.Mo. March 7, 1990) (same result, where plaintiff had participated in settlement negotiations for two years).

I find the reasoning of these Missouri cases persuasive. Like NWMSU, Koch, and the other Missouri plaintiffs, Crown clearly prefers its own choice of forum to the defendant's. But that does not put the Declaratory Judgment Act at its disposal in the "race for res judicata." Like those Missouri plaintiffs, Crown negotiated for more than two years with Borden over its alleged liability for the leaking cans. The parties have settled two lawsuits cooperatively. Therefore, Crown's request for early adjudication in this district can hardly be "necessary," and I decline to provide it.[2]

### B. "Unnecessary Accrual of Damages"

■ Crown further argues that declaratory judgment is particularly appropriate because it would terminate Crown's accruing expenses, including "considerable time,

effort, and money [spent] ... defending itself in actions in any number of as yet unknown forums in which Borden may be sued and bring in Crown as a third-party defendant." Crown explains that a declaration of its non-liability "would put an end to the uncertainty and insecurity Crown now faces."

Apart from the impropriety of using declaratory judgment to declare non-liability in this fashion, *see Cunningham Bros., supra* n. 1, I reject Crown's proposition that its potential litigation costs are the type of "accruing damage" the Declaratory Judgment Act intended to curtail. The Act was meant to settle legal rights "without awaiting a violation of the rights or a disturbance of relationships" *Beacon Const. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 397 (2nd Cir.1975). It was not meant, however, to prevent the cost of litigating where such violations or disturbances have already occurred.[3] Particularly here, Crown may exercise several litigation options to challenge Borden's allegations of breach *without* undermining its choice of forum. For example, a court of Borden's choice may find Crown not liable, which Crown may then use collaterally to estop subsequent suits. Similarly, its defenses of laches or statutes of limitations will apply in whatever forum Borden chooses. Finally, if Borden's claims are truly frivolous, Crown may move to recoup its costs under Fed.R.Civ.P. 11. For these reasons, I decline to use the federal Declaratory Judgment Act to pre-empt Borden's choice of forum, particularly where Crown fails to allege "accruing damage" beyond normal litigation costs.

Following the Oklahoma court's dismissal, there may not even be another forum in which Borden maintains a breach of con-

---

**2.** As the Third Circuit said in *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir.1974), the object of the Federal Declaratory Judgment Act is "to afford a new form of relief where needed, not to furnish a new choice of tribunals...." (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir.1937)).

**3.** *See, e.g., ACandS v. Aetna Cas. & Sur. Co.*, 666 F.2d 819, 823 (3d Cir.1981), where the Third

Circuit held that since declaratory judgment was intended to avoid the "accrual of avoidable damages," it was proper where judgment "would strongly affect present behavior, have present consequences and resolve a present dispute." Crown and Borden's contract dealings are over. There is no "present behavior" to affect, regarding the rights or future conduct of either Crown or Borden under the contract.

tract suit against Crown.[4]  If there is, Crown can defend its interests in that forum.  If there is no other ongoing suit, Crown has nothing to worry about except the "uncertainty and insecurity" of potential claims, which, for reasons just explained, I decline to resolve at the expense of Borden's choice of forum.

Because I am dismissing Crown's complaint for federal declaratory judgment, I will also deny its motion to enjoin Borden and others from litigating any related issues.  In addition, I will dismiss Crown's motion for declaratory judgment under Pennsylvania law, using the same reasoning.[5]  However, because I do not want the exercise of my discretion here to have any effect on any other suit between the parties, I am dismissing Crown's suit without prejudice.

---

**4.**  I do not know if the third personal injury suit in which Borden cross-claimed against Crown, arising in Florida, has also settled.

**5.**  *See, e.g., Com., Dept. of Gen. Ser. v. Frank Briscoe Co.,* 502 Pa. 449, 466 A.2d 1336, 1340–41 (1983) (declaratory relief held unavailable where movant, knowing that contractual rela-

tions had deteriorated and contractors were about to sue it in board of claims, sought declaratory judgment "in reality simply [attempting] to establish in advance the validity of an affirmative defense to be used to defeat the ... breach of contract actions ... pending [elsewhere]").