LITTLE CAESAR ENTERPRISES, INC., and Little Caesar National Advertising Program, Inc., Plaintiffs,

v.

Lee HOTCHKISS, Lyle Hotchkiss, Little Caesar of San Antonio, Inc., Magnum Foods, Inc., Ranco Enterprises, Inc., Kevin McCaffery, Creighton Enterprises, Inc., and Target Market Enterprises, Inc., Defendants.

No. CIV.A.99–40470.

United States District Court, E.D. Michigan, Southern Division.

April 13, 2000.

defendant AGC clarified at oral argument that defendant AGC seeks consolidation for discovery purposes only.

Irwin M. Alterman, Kemp, Klein, Troy, MI, for Plaintiffs.

Rodger D. Young, Young & Associates, Southfield, MI, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GADOLA, District Judge.

Before the Court is Defendants' Motion to Dismiss Or, in The Alternative, to Stay Proceedings filed January 18, 2000. Pursuant to Local Rule 7.1(e)(2), this Court has determined that oral argument will not significantly aid in the disposition of this motion. For reasons set forth below, the Court grants Defendants' motion and dismisses Plaintiffs' civil action without prejudice.

### Factual and Procedural Background

Plaintiffs are Little Caesar Enterprises, Inc., a Michigan corporation with its principal place of business in Michigan, and Little Caesar National Advertising Program, Inc., a Michigan nonprofit corporation with its principal place of business in Michigan. Defendants are Lee Hotchkiss, Lyle Hotchkiss, Little Caesar of San Antonio, Inc., Magnum Foods, Inc., Ranco Enterprises, Inc., Kevin McCaffery, Creighton Enterprises, Inc., and Target Market Enterprises, Inc. Defendants are Little Caesar franchisees with their principal places of business in Texas, West Virginia, California, and Washington.

On November 10, 1999, Defendants in the instant action filed a class action breach of contract action in Texas state court (District Court of Bexar County, 166th Judicial District, Case No. 99–CI–16042) against Plaintiff in the instant action, Little Caesar Enterprises, Inc., on behalf of the class of Little Caesar franchisees. To this Court's knowledge, the class has not been certified yet. In the Texas state court case, the plaintiffs allege claims for relief under breach of contract and breach of implied covenant of good faith and fair dealing. In particular, the plaintiffs allege that Little Caesar Enterprises, Inc. breached its franchisee agreements by diverting franchisee payments from Little Caesar National Advertising Program to other inappropriate purposes and thereby

failed to provide nationwide advertising commensurate with the franchisees' payments.

On December 6, 1999, Little Caesar Enterprises, Inc. filed the instant action in the United States District Court for the Eastern District of Michigan against the named plaintiffs in the Texas state court case. Little Caesar Enterprises, Inc. is seeking declaratory relief on the same questions raised in the Texas state court case, namely a declaration that Plaintiffs did not breach any franchise agreements with Defendants.

On December 16, 1999, Little Caesar Enterprises, Inc. removed the Texas state court case to the United States District Court for the Western District of Texas. The plaintiffs to that civil action—Defendants here—filed a motion to remand. On March 14, 2000, Magistrate Judge John W. Primomo of the Western District of Texas entered a Memorandum and Recommendation recommending that the plaintiffs' motion to remand be granted and that the case be remanded to state court because the district court does not have subject matter jurisdiction.

**Discussion**

### 1. Standard

Federal district courts have discretion to exercise jurisdiction to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The Declaratory Judgment Act "is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985) (quoting *Public Service Com'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

According to the United States Court of Appeals for the Sixth Circuit, "[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Allstate Insurance Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir.1990) (quotation and citation omitted). The Sixth Circuit explained that "when neither of these results can be accomplished, the court should decline to render the declaration prayed." *Id.* (quotation and citation omitted).

The Sixth Circuit has enumerated several factors that courts should consider in determining whether to exercise jurisdiction over a declaratory judgment action:

(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* (quotation and citation omitted); *see American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir.1986).

### 2. Analysis

The Court will analyze Defendants' motion according to the criteria and factors adopted by the Sixth Circuit in *Allstate Insurance* and *American Home*.

#### a. Whether the declaratory action would settle the controversy

While it is possible that a declaratory judgment may settle the controversy among the parties named in this civil action, it will not settle the controversy with respect to all potential class action plaintiffs in the Texas state court case. The

Texas state court action has the possibility of resolving the legal relations among all Little Caesar franchisees and Little Caesar Enterprises, Inc. Dismissal of a declaratory judgment action brought in federal court is proper when it would determine the rights of less than all the parties to the controversy. *See Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602–03 (5th Cir.1983); *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 683 (5th Cir.1973).

### b. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue

In light of the action pending in the Texas state courts, this declaratory judgment action would not serve a useful purpose in clarifying the legal relations in issue. The Texas state court is fully capable of resolving the legal relations between the parties. Furthermore, as discussed above, because the instant civil action does not include all potential class action parties, resolving the legal relations in the instant action would not be as useful as the Texas state court case that includes all potential parties.

### c. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"

Plaintiffs here appear to be using the Declaratory Judgment Act as a forum selection device, a practice that has been rejected by federal courts. *See, e.g., Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1167–68 (7th Cir.1969); *First Health Strategies (TPA), Inc. v. Security Life of Denver Insurance Co.*, 998 F.Supp. 712, 716–17 (N.D.Tex.1997); *Koch Engineering Co., Inc. v. Monsanto Co.*, 621 F.Supp. 1204, 1207–08 (E.D.Mo.1985). As in *American Home*, "the only basis of jurisdiction here is diversity jurisdiction." 791 F.2d at 63. Hence, Plaintiffs are using diversity jurisdiction to bring before this Court state law claims that were filed first against them in Texas state court. Furthermore, Plaintiffs appear to have brought this parallel federal court proceeding in order to gain a perceived "home field advantage." (Plaintiffs have cited to this Court's many opinions involving Little Caesar Enterprises, Inc.)

### d. Whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction

Permitting Plaintiffs to maintain a declaratory action in this Court would increase friction between federal and state courts and may encroach upon the Texas state court's jurisdiction. As the Sixth Circuit has concluded, "[w]here complex factual issues are present and the action parallels a state court action arising from the same facts and where alternative remedies are available, declaratory judgment is inappropriate." *American Home*, 791 F.2d at 63. In *American Home*, the Sixth Circuit worried aloud:

> We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

791 F.2d at 63. There is no suggestion here that the Texas courts are not in a position to define the applicable law in a fair and impartial manner.

### e. Whether there is an alternative remedy which is better or more effective

The Texas state court action provides a better and more effective remedy for many of the reasons stated above. In particular,

the Texas state court action is better able to adjudicate the interests of all potential parties because it includes the class of franchisees. The Texas state court case is better able to settle the controversy and more useful in clarifying the legal relations between the parties. Furthermore, the Texas state court case should take some priority over the instant action as the first filed case. *See generally Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903 (N.D.Ohio 1999) (discussing "first-to-file" rule).

Because exercising jurisdiction over this declaratory action would not serve as useful a purpose as the Texas state court case in clarifying and settling the legal relations in issue, and because the instant action may not as effectively terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding, this Court declines to exercise jurisdiction over this civil action.

Plaintiffs urge the Court to stay the action pending the decision of the federal and state courts in Texas, and Defendants suggest a stay as an alternative to dismissal. Plaintiffs contend that the instant motion will be moot if either the federal court or the state court in Texas act in Little Caesar Enterprises, Inc.'s favor. If this Court were to stay the case pending the outcomes in Texas federal and state court, then it would be sending an implicit message that bringing this sort of parallel declaratory action is an acceptable practice, when many courts have concluded that it is not. Therefore, this Court will not stay the instant civil action.

### Conclusion

For the reasons stated above, this Court will decline to exercise its discretion to hear a declaratory judgment action and will grant Defendants' motion by dismissing Plaintiffs' civil action without prejudice.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Or, in The Alternative, to Stay Proceedings [Docket Entry 5] is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-entitled civil action is **DISMISSED** without prejudice.

**SO ORDERED.**