**UNITED STATES FIRE INSURANCE COMPANY, a New York corporation, Plaintiff,**

v.

**CITY OF WARREN, a Michigan municipal corporation, Defendant.**

No. Civ.A. 00–40088.

United States District Court, E.D. Michigan, Southern Division.

April 25, 2000.

Christopher E. LeVasseur, Michael H. Whiting, Stark, Reagan, Troy, MI, for U.S. Fire Ins. Co.

Albert B. Addis, Mt. Clemens, MI, for City of Warren.

### MEMORANDUM OPINION AND OR-DER GRANTING DEFENDANT'S MOTION TO DISMISS

GADOLA, District Judge.

Before the Court is Defendant City of Warren's Motion to Dismiss filed March 15, 2000. Pursuant to Local Rule 7.1(e)(2), this Court has determined that oral argument will not significantly aid in the disposition of this motion. For reasons set forth below, the Court grants Defendant's motion and dismisses Plaintiff's civil action without prejudice.

1. Grabowski v. City of Warren, No. 98–0825–NO; Belz v. City of Warren, No. 99–0792–NZ; Andre v. City of Warren, No. 99–0793–NZ; Andrusz v. City of Warren, No. 99–0794–NZ; Blake v. City of Warren, No. 99–0795–NZ;

### Factual and Procedural Background

In 1998 and 1999, the City of Warren was named as a defendant in several lawsuits filed by approximately 175 homeowners in the State of Michigan Circuit Court for the County of Macomb.[1] (See Compl. at 2, ¶ 7.) These lawsuits sought recovery for damages allegedly suffered by the homeowners as a result of sewage that backed-up from the City's sewer system into the homeowners' basements on February 17 and 18, 1998. (Id. at 2–3.) According to Plaintiff, the City of Warren tendered its defense of these cases to United States Fire Insurance Company, and United States Fire Insurance Company "has undertaken the City's defense in all of the underlying cases subject to an express reservation of rights to decline coverage based upon the pollution exclusion contained in the policies." (Id. at 3, ¶ 9.) According to Plaintiff, these cases settled on April 20, 2000 when the plaintiffs agreed to accept payment of $1,575,-000 in exchange for a dismissal of their claims against the City of Warren. (Pl. Supp.Br. at 1.) According to Plaintiff, "[t]he entire settlement amount is to be funded by U.S. Fire," but "U.S. Fire did, of course, maintain its reservation of rights with respect to whether the policies at issue entitle the City to coverage for the settlement amount." (Id.)

On October 22, 1999, the City of Warren filed a lawsuit against United States Fire Insurance Company, among others, in the Circuit Court for the County of Macomb. See City of Warren v. United States Fire Insurance Company, No. 99–4472–CZ. The other defendants in that Michigan state court case include, but are not limited to, Arthur Dickinson, an insurance agent, and Republic Underwriters, Inc., his insurance company. The City of Warren alleges that, pursuant to a series of contracts, Dickinson, through Republic

Bantle v. City of Warren, No. 99–0796–NZ; Kemp v. City of Warren, No. 99–0797–NZ; Antonszewski v. City of Warren, No. 99–0798–NZ.

Underwriters, Inc., obtained inadequate insurance coverage from United States Fire Insurance Company on behalf of the City of Warren.

In *City of Warren v. United States Fire Insurance Company,* No. 99–4472–CZ, the City of Warren asserted against United States Fire Insurance Company claims for declaratory relief (Count I), breach of contract (Count III), negligent misrepresentation (Count IV), intentional misrepresentation (Count V), fraud (Count VI), conversion (Count VII), civil conspiracy (Count VIII), violation of the Michigan Consumer Protection Act, M.C.L. § 445.903(1) (Count IX), violation of the Michigan Unfair Trade Practices Act, M.C.L. §§ 500.2003, 500.2005a (Count X). In that action, the City of Warren,

> seeks declaratory and monetary relief, in that numerous cases ... have been filed against the City of Warren, its employees, officials and agents for which there has been either no insurance coverage or insufficient coverage. Pursuant to its agreement with Dickinson and Republic, U.S. Fire has either denied coverage or undertaken coverage pursuant to a reservation of rights in each case and in the cases in which it has undertaken coverage pursuant to a reservation of rights, U.S. Fire has through its actions caused a reasonable belief on the part of the Plaintiffs that it will cease to provide coverage in the foreseeable future as it has reserved the right to do so.

(Def.Ex. A at 7, ¶ 38.) The City of Warren is seeking declaratory relief that United States Fire Insurance Company must indemnify the City of Warren for various lawsuits filed against the city, including, but not limited to, some of the sewage back-up cases discussed above.

On February 25, 2000, United States Fire Insurance Company filed the instant action in the United States District Court for the Eastern District of Michigan against the City of Warren. In its Complaint, the United States Fire Insurance Company seeks declaratory relief that it need not defend or indemnify the City of Warren in the sewage back-up cases. On April 24, 2000, however, Plaintiff filed a Supplemental Brief in Opposition to Defendant's Motion to Dismiss. In that Supplemental Brief, Plaintiff relayed that a settlement had been reached in the sewage back-up cases, and that,

> [t]his settlement dramatically changes the complexion of this case and renders moot the argument set forth in the City's motion to dismiss. Although originally filed as a claim for relief under the Declaratory Judgment Act, there is no longer any declaratory relief required. Instead, U.S. Fire will now seek to recover the $1,575,000 it will soon pay in settlement of the sewer cases, and it will move to amend its complaint to replace the claim for declaratory relief with a claim for contract damages under the terms of the insurance policy. This Court will still have jurisdiction, but for a different reason, i.e., diversity of citizenship and the amount in controversy meeting the requirements of 28 U.S.C. § 1332.

(Pl.Supp.Br. at 1.)

**Discussion**

**1. Standard**

Federal district courts have discretion to exercise jurisdiction to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286–88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The Declaratory Judgment Act "is an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985) (quoting *Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

According to the United States Court of Appeals for the Sixth Circuit, "[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a

useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Allstate Insurance Co. v. Mercier,* 913 F.2d 273, 277 (6th Cir.1990) (quotation and citation omitted). The Sixth Circuit explained that "when neither of these results can be accomplished, the court should decline to render the declaration prayed." *Id.* (quotation and citation omitted).

The Sixth Circuit has enumerated several factors that courts should consider in determining whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* (quotation and citation omitted); *see American Home Assurance Co. v. Evans,* 791 F.2d 61, 63 (6th Cir.1986).

**2. Analysis**

The instant case presents very similar issues to those presented in this Court's recent opinion in *Little Caesar Enterprises, Inc. v. Hotchkiss,* 98 F.Supp.2d 818 (E.D.Mich. 2000) (Gadola, J.). As in *Little Caesar Enterprises,* the Court will analyze Defendant's motion according to the criteria and factors adopted by the Sixth Circuit in *Allstate Insurance* and *American Home.*

**a. Whether the declaratory action would settle the controversy**

While it is possible that a declaratory judgment in the instant civil action may settle the controversy between the parties named in this civil action as to the sewage back-up cases, it will not settle the controversy with respect to all parties proceeding in the Circuit Court for the County of Macomb. The Michigan state court action has the possibility of resolving the legal relations among the City of Warren, United States Fire Insurance Company, the insurance agency and agent, and others. Dismissal of a declaratory judgment action brought in federal court is proper when it would determine the rights of less than all the parties to the controversy. *See Mission Insurance Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602–03 (5th Cir. 1983); *PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674, 683 (5th Cir. 1973); *Little Caesar Enterprises,* slip op. at 5, ——.

**b. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue**

In light of the action pending in the Circuit Court for the County of Macomb, this declaratory judgment action would be of limited use in clarifying the legal relations in issue. Furthermore, as discussed above, because the instant civil action does not include all parties, resolving the legal relations in the instant action would not be as useful as the Michigan state court case that includes all potential parties. *See Little Caesar Enterprises,* slip op. at 5–6, ——–——. The Circuit Court for the County of Macomb is fully capable of resolving the legal relations between the parties.

**c. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"**

Plaintiff here appear to be using the Declaratory Judgment Act as a forum selection device, a practice that has been rejected by federal courts. *See, e.g., Cun-*

*ningham Brothers, Inc. v. Bail,* 407 F.2d 1165, 1167–68 (7th Cir.1969); *First Health Strategies (TPA), Inc. v. Security Life of Denver Insurance Co.,* 998 F.Supp. 712, 716–17 (N.D.Tex.1997); *Koch Engineering Co., Inc. v. Monsanto Co.,* 621 F.Supp. 1204, 1207–08 (E.D.Mo.1985); *Little Caesar Enterprises,* slip op. at 6, ——. As in *American Home,* "the only basis of jurisdiction here is diversity jurisdiction." 791 F.2d at 63. Plaintiff here is using diversity jurisdiction to bring before this Court state law claims that were filed first against it in Michigan state court. *See Little Caesar Enterprises,* slip op. at 6, ——.

**d. Whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction**

Permitting Plaintiff to maintain a declaratory action in this Court is likely to increase friction between federal and state courts and may encroach upon the Michigan state court's jurisdiction. *See Little Caesar Enterprises,* slip op. at 7, ——. As the Sixth Circuit has concluded, "[w]here complex factual issues are present and the action parallels a state court action arising from the same facts and where alternative remedies are available, declaratory judgment is inappropriate." *American Home,* 791 F.2d at 63. In *American Home,* the Sixth Circuit worried aloud:

> We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

791 F.2d at 63. There is no suggestion here that the Circuit Court for the County of Macomb is not in a position to define the applicable law in a fair and impartial manner.

**e. Whether there is an alternative remedy which is better or more effective**

The action still pending in the Circuit Court for the County of Macomb provides a better and more effective remedy for many of the reasons stated above. In particular, the Michigan state court case is better able to adjudicate the interests of all potential parties. The state court case is better able to settle the controversy and more useful in clarifying the legal relations between the parties. Furthermore, the state court case should take some priority over the instant action as the earlier-filed case. *See Little Caesar Enterprises,* slip op. at 8, ——; *see generally Plating Resources, Inc. v. UTI Corp.,* 47 F.Supp.2d 899, 903 (N.D.Ohio 1999) (discussing "first-to-file" rule).

Because exercising jurisdiction over this declaratory action would not serve as useful a purpose as the Michigan state court case in clarifying and settling the legal relations in issue, and because the instant action may not as effectively terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding, this Court declines to exercise jurisdiction over this civil action and will grant Defendant's motion by dismissing Plaintiff's civil action without prejudice. If Plaintiff seeks to refile a new complaint with this Court—asserting a different claim for relief and different basis of jurisdiction—instead of filing a counterclaim in the pending Michigan state court action, then this Court will consider whether to stay such a refiled civil action pending the outcome of the state court lawsuit.

**Conclusion**

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket Entry 3] is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-entitled civil action is **DISMISSED** without prejudice.

**SO ORDERED.**